UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ALFREDO MARTINEZ,** § | |
|    *Plaintiff,* § | |
| § | |
| v. § | 5:24-CV-01459-JKP-RBF |
| § | |
| **HOME DEPOT U.S.A., INC.** § | |
| **CARL MACOM,** § | |
|    *Defendants.* § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**ALFREDO MARTINEZ**, Plaintiff, files this Plaintiff's First Amended Complaint against HOME DEPOT U.S.A., INC.

### A.
### PARTIES AND SERVICE OF CITATION

**1.** Plaintiff, ALFREDO MARTINEZ, an individual, is a resident/citizen of Bexar County, Texas.

**2.** Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT FAIR AVE #503 is a Foreign For-Profit Corporation authorized to do business in the State of Texas and may be served with process through its registered agent, Corporation Service Company DBA CSC-Lawyers Inco, 211 E. 7th Street, Suite 620, Austin, Texas 78701. Defendant has been served and has filed an answer.

### B.
### PARTIES AND SERVICE OF CITATION

**3.** In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

## C.
## VENUE

4.  Venue is proper in this District under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this District.

## D.
## JURISDICTION AND CAPACITY

5.  **In Personam:** The Court has in personam jurisdiction over the Defendant because the Defendant has a principal place of business in Texas and are incorporated under the laws of Texas and because the Defendant is in the business of providing goods and services in Texas.

6.  **Subject Matter:** The Court has subject matter jurisdiction over the case at bar pursuant to 28 U.S.C. §1332 (a)(1) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00.

7.  **Capacity:** Whenever in this petition it is alleged that any Defendant did any act or thing, it is meant that Defendant's officers, agents, servants, employees or representatives did such act or thing.

## E.
## FACTUAL ALLEGATIONS

8.  On or about December 17, 2022, Plaintiff ALFREDO JAMES MARTINEZ was a customer at Defendant HOME DEPOT's store located at 527 Fair Ave, San Antonio, Texas 78223. Mr. Martinez was a business invitee (or licensee, in the alternative) to whom Defendant HOME DEPOT owed a duty of care to protect him from injury. Upon entering the store through the front double glass doors, Mr. Martinez's foot became entangled with a white plastic band used for securing tiles, which was caught or snagged on the bottom of the sliding double glass doors. As the sliding door opened the caught or snagged plastic band moved with the door and pulled the entangled Mr. Martinez. The force of the pull by the door and the snagged plastic band caused Mr.

Martinez to fall and hit the ground hard landing on the left side of his body. As a result of the fall, Mr. Martinez sustained painful injuries and damages, as more fully set forth below.

9. The white plastic band created a dangerous condition on the Defendant's premises and exposed the public, including Mr. Martinez, to foreseeable harm. Mr. Martinez asserts that the white plastic band was an unreasonably dangerous condition on Defendant's premises, proximately causing him bodily injuries and the need for his subsequent medical treatment. The plastic band caught or snagged on the sliding entry doors of the store was not open and obvious.

10. Plaintiff asserts that Defendant Home Depot, by and through their agents, servants, and employees, knew or should have known that there was a hazardous condition existing on Defendant Home Depot's premises and that the white plastic band constituted a dangerous or hazardous condition on the premises. Plaintiff further asserts that not only did Defendant, by and through their agents, servants, and employees, create the dangerous or hazardous condition, but they also failed to warn of the dangerous condition or to make it safe for business invitees (or licensees, in the alternative). Thus, as a proximate result of Defendant's negligent conduct, Plaintiff fell and sustained injuries resulting in incapacities and damages to Plaintiff as hereinafter set out. Plaintiff asserts, therefore, that the incident was proximately caused by the negligence of Defendant Home Depot, and that said negligence was the proximate cause of Plaintiff's bodily injuries and damages.

11. Defendant breached the duty of care they owed to Plaintiff as a business invitee (or licensee, in the alternative) and was negligent and grossly negligent in their failure to exercise ordinary care in the safety of Plaintiff. Consequently, Plaintiff was an invitee to whom Defendant owed a duty to use ordinary care, including the duty to protect and safeguard

Plaintiff from unreasonably dangerous conditions on the premises, or to warn of their existence.

12. The above-referenced acts and/or omissions by the Defendant constitute malice and/or gross negligence. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

### F. CONDITIONS PRECEDENT

13. Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the cause of action at bar. Alternatively, to the extent any conditions have not been met, failure to meet said conditions, if any, has not prejudiced the Defendant.

### G. PREMISES CLAIMS BY INVITEE AGAINST DEFENDANT HOME DEPOT USA, INC. D/B/A THE HOME DEPOT FAIR AVE. #503

14. Plaintiff ALFREDO JAMES MARTINEZ was an invitee on Defendant's premises.

15. At all times material to this cause of action, Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT FAIR AVE #503 was the owner of and/or controlled the subject premises and was responsible for maintaining the premises in a safe condition for business invitees.

16. Plaintiff entered the subject premises with Defendant's knowledge and for the economic

benefit of Defendant. As such, Defendant owed Plaintiff a duty of ordinary care to adequately inspect and warn Plaintiff, and other invitees, of dangerous conditions on the premises posing an unreasonable risk of harm or to make the condition reasonably safe.

17. Specifically, Defendant knew or should have known that the white plastic band caught or snagged on the sliding double glass door of the front entrance created a dangerous condition, posing an unreasonable risk of harm to Plaintiff and other invitees. However, Defendant breached their duty of ordinary care to Plaintiff by both failing to inspect the premises and to warn Plaintiff of the dangerous condition and failing to make the condition and premise safe for Plaintiff and other invitees.

18. Furthermore, Plaintiff asserts that the condition of the white plastic band being caught or snagged at the entrance door was such that had Defendant HOME DEPOT or Defendant HOME DEPOT's agents, servants, and employees exercised ordinary care in the inspection and maintenance of the sliding double glass door at the front entrance, it would have been noticed and corrected.

19. Plaintiff was unaware of the white plastic band being caught on the sliding glass doors at the front entrance, as it was not open and obvious, which was the dangerous condition created by Defendant's negligence.

20. Defendant HOME DEPOT breached the duty of ordinary care by failing to adequately inspect the premises, to warn Plaintiff of the condition, or by making the condition reasonably safe. Defendant breached the duty of ordinary care by negligently permitting the front entrance to remain without inspection, services, or maintenance and to fall into a state of disrepair, negligently or willfully allowing such condition to continue, and negligently or willfully failing to warn Plaintiff of the dangerous condition. This condition existed despite the fact that

Defendant HOME DEPOT or Defendant HOME DEPOT's agents knew or should have known of the existence of this dangerous condition and that there was a likelihood of a person being injured.

21.     As a result of Defendants' negligence Plaintiff sustained serious and painful bodily injury. Plaintiff asserts that Defendant's negligence was the proximate cause of Plaintiff's fall, injuries, and damages.

## H.
## PREMISES CLAIMS BY LICENSEE AGAINST DEFENDANT HOME DEPOT USA, INC. D/B/A THE HOME DEPOT FAIR AVE. #503

22.     In the alternative to the foregoing claim, Plaintiff ALFREDO JAMES MARTINEZ was a licensee on Defendant's premises.

23.     At all times material to this cause of action, Defendant HOME DEPOT U.S.A., INC. D/B/A THE HOME DEPOT FAIR AVE #503 was the owner of and/or controlled the subject premises, located at 527 Fair Ave., San Antonio, Texas 78223 and was responsible for maintaining the premises in a safe condition for business invitees.

24.     At all times mentioned herein, Defendant had such control over the inspection, services, and maintenance of the front entrance in question that Defendant owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

25.     Plaintiff entered Defendant HOME DEPOT's premises with Defendant HOME DEPOT's consent and to conduct business with Defendant HOME DEPOT. Specifically, Plaintiff entered Defendant HOME DEPOT's property to shop for material with express and implied license to enter onto the subject property from Defendant HOME DEPOT and because the property at the subject location was open to the general public, a class of persons that includes Plaintiff.

26. Defendant HOME DEPOT's agents, servants, and employees negligently permitted the white plastic band to remain entangled on the sliding double glass doors at the front entrance and to become a dangerous condition. Defendant negligently or willfully allowed such condition to continue and negligently or willfully failed to inspect the premises and to warn Plaintiff of the dangerous condition. The dangerous condition existed despite the fact that Defendant HOME DEPOT and its agents, servants, and employees knew or should have known of the existence of the dangerous condition and that there was a likelihood of a person on the premises being injured, as was caused to Plaintiff. Plaintiff further asserts that not only did Defendant HOME DEPOT, by and through its agents, servants, and employees create the dangerous or defective condition on the premises but it also failed to warn of the dangerous condition or to make it safe for its business licensees.

27. A condition on Defendant HOME DEPOT's premises posed an unreasonable risk of harm. Specifically, Defendant HOME DEPOT allowed the white plastic band to remain entangled in the sliding double glass doors at the front entrance to fall into a state of disrepair causing a dangerous condition and creating a foreseeable risk of harm to exist in a high foot-traffic area where Defendant knew or should have expected Plaintiff and others to be walking in and out of the store.

28. Furthermore, Plaintiff asserts that the condition of the white plastic band being caught or snagged at the entrance door was such that Defendant HOME DEPOT or Defendant HOME DEPOT's exercised ordinary care in the inspection and maintenance of the sliding double glass door at the front entrance, it would have been noticed and corrected.

29.     Plaintiff was unaware of the white plastic band being caught on the sliding glass doors at the front entrance, as it was not open and obvious, which was the dangerous condition created by Defendant's negligence.

30.     Plaintiff asserts that Defendant HOME DEPOT breached the duty of ordinary care by failing to adequately inspect and warn Plaintiff of the dangerous condition on the premises, and by failing to make the condition reasonably safe. Defendant breached the duty of ordinary care by negligently permitting the white plastic band to remain entangled on the sliding double glass doors at the front entrance and by negligently or willfully allowing such condition to continue, and by negligently or willfully failing to warn Plaintiff of the dangerous condition. This condition existed despite the fact that Defendant HOME DEPOT or Defendant HOME DEPOT's agents, servants, and employees knew or should have known of the existence of this condition and that there was a likelihood of someone being injured.

31.     Plaintiff asserts that Defendant's negligence was the proximate cause of Plaintiff's fall, injuries, and damages.

### I.
### PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE AGAINST DEFENDANT HOME DEPOT USA, INC. D/B/A THE HOME DEPOT FAIR AVE. #503

32.     Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendant's conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated. Specifically, Defendant did not safeguard premises as set forth hereinabove; further; ALFREDO JAMES MARTINEZ was injured because Defendant was negligent and grossly negligent in having:

    a.    Failing to properly inspect, maintain, and clean the front entrance in question to discover the dangerous condition;

    b.    Failing to discover and remove the white plastic band on the ground causing Plaintiff to violently fall within a reasonable time;

    c.    Failing to give adequate and understandable warning to Plaintiff of the unsafe condition, i.e., no warning signs, tape, or barriers;

    d.    No on-site employee to warn customers or assist employees.

33. The acts and/or omissions by Defendant outlined in Paragraph 11 constitute malice and/or gross negligence. Defendant was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

34. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## J. DAMAGES

35. Plaintiff alleges that as a direct and proximate result of the conduct, and/or negligent acts and/or omissions of Defendant, Plaintiff is entitled to recover at least the following legal damages:

    a.    Medical expenses in the past;

    b.    Medical expenses that in all reasonable probability will be incurred in the future, including the cost of medical monitoring and prevention in the future;

    c.    Physical pain and suffering in the past;

    d.    Physical pain and suffering that will in all reasonable probability be incurred in the future;

    e.    Physical impairment, including loss of enjoyment of life, in the past;

    f.    Physical impairment, including loss of enjoyment of life, which in all reasonable probability, will be suffered in the future;

    g.    Physical Disfigurement in the past;

    h.    Physical Disfigurement that in all reasonable probability will be incurred in the future;

    i.    Mental anguish in the past;

    j.    Mental anguish that in all reasonable probability will be incurred in the future;

    k.    Lost wages in the past; and

    l.    Loss of future wage-earning capacity;

## J.
## COST AND INTEREST

**36.** Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## K.
## JURY DEMAND

37. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## L.
## PRAYER

1. WHEREFORE, Plaintiff prays that the Defendant be cited to appear and answer, and that on final trial, the Honorable Court render judgment in favor of the Plaintiff, to wit:

    a.    Damages, actual, special, exemplary and otherwise, in an amount within the Court's jurisdictional limits;

    b.    All Costs of Court;

    c.    Both pre-judgment and post-judgment interest at the maximum legal rate; and

    d.    For such other and further relief, both general and special, at law and in equity, to which Plaintiffs may be justly entitled.

        Respectfully submitted,

*/s/Mark Anthony Acuña*
**MARK ANTHONY ACUÑA**
Texas Bar No. 24064044
Federal Bar No. 997078
Email: mark.acuna@martinez-law.com

MARTINEZ & ASSOCIATES, PLLC
2828 Goliad Road, Suite 125
San Antonio, Texas 78223
Telephone: (210) 359-8250
Facsimile: (210) 359-8255
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2025, a true and correct copy of the above and foregoing has been sent to the following counsel of record by means indicated below:

VIA E-FILE
Karen Alvarado
BROTHERS ALVARADO PIAZZA & COZORT PC
10333 Richmond Ave. #900
Houston, Texas 77042
Attorney for Defendants Home Depot USA, Inc.
and Carl Macom

*/s/Mark Anthony Acuña*
**MARK ANTHONY ACUÑA**